

# The Attorney General of Texas

October 25, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson. Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas. Suite 700
Houston. TX 77002-3111
713/223-5556

806 Broadway, Suite 312
Lubbock. TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen. TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D., F.A.C.P.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas    78756

Opinion No. JM-369

Re: Whether a foreign corporation may receive a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons

Dear Dr. Bernstein:

You have requested an interpretation of article 4476-11, V.T.C.S., which relates to the regulation of the use of synthetic narcotic drugs in the treatment of drug-dependent persons. Specifically, you inquire whether a foreign corporation that holds a certificate of authority from the Texas Secretary of State, having met all other requirements for permitting, may receive a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons. We conclude that the statute does not authorize the issuance of such a permit to a corporation that is incorporated in another state. We assume that your question goes only to matters of statutory construction, and consequently, we address no constitutional issue.

Section 4 of article 4476-11, which was enacted in 1971 by House Bill No. 139 of the Sixty-second Legislature, states that:

> Any physician licensed by the Texas State Board of Medical Examiners or any institution, public or private, organized <u>and</u> operated under the laws of this state for the purpose of providing health services may apply to the department on forms approved by the department for a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons. The department shall issue a permit to applicants qualified according to its rules, regulations, and standards. (Emphasis added).

House Bill No. 139 was patterned after a similar bill enacted by the Oregon Legislature in 1969 but was rewritten by a house committee substitute. The language of section 4, which originated in the house committee substitute, remains unchanged today, even though section 4 was reenacted in 1985 by the Sixty-ninth Legislature to authorize the

collection of fees for the administration of the act.  Acts 1985, 69th
Leg., ch. 931, art. 7, §2, at 6797-98.

The legislature authorized the issuance of a permit to an
institution that is organized under the laws of this state and
operated under the laws of this state.  Those conditions should be
construed conjunctively rather than disjunctively unless a contrary
construction is plainly indicated.

In Board of Insurance Commissioners of Texas v. Guardian Life
Insurance Co. of Texas, 180 S.W.2d 906, at 908 (Tex. 1944), the Texas
Supreme Court quoted with approval the following rule:

> Ordinarily the words 'and' and 'or,' are in no
> sense interchangeable terms, but, on the contrary,
> are used in the structure of language for purposes
> entirely variant, the former being strictly of a
> conjunctive, the latter, of a disjunctive, nature.
> Nevertheless, in order to effectuate the intention
> of the parties to an instrument, a testator, or a
> legislature, as the case may be, the word 'and' is
> sometimes construed to mean 'or.'  This construc-
> tion, however, is never resorted to except for
> strong reasons and the words should never be so
> construed unless the context favors the con-
> version; as where it must be done in order to
> effectuate the manifest intention of the user; and
> where not to do so would render the meaning
> ambiguous, or result in an absurdity; or would be
> tantamount to a refusal to correct a mistake.

See also White v. State, 197 S.W.2d 389, 393 (Tex. Civ. App. - Austin
1946, writ ref'd n.r.e.).

We find no indication that the legislature does not intend that
an institution be in compliance with both conditions.  To the
contrary, it is our opinion that the language used by the legislature
plainly indicates an intention to require an institution to be both
organized under the laws of this state and operated under the laws of
this state in order to be eligible for a permit to prescribe and
administer synthetic narcotic drugs under this act.

An incorporated institution is organized under the laws
authorizing its incorporation.  A foreign corporation is a corporation
"organized under laws other than the laws of this state."  Tex. Bus.
Corp. Act, art. 1.02(A)(2); art. 8.01(A).  Even if a corporation holds
a certificate of authority from the secretary of state and operates in
this state in compliance with the Medical Practice Act (V.T.C.S. art.
4495b), and under the other laws of this state, the corporation

complies with only one of the statutory requirements. Since a foreign corporation is not organized under the laws of this state, it cannot meet the second statutory condition.

We do not address issues in this opinion that are not included in your question, such as the practice of medicine in Texas by corporations or the exercise of the police power of the state to deny a permit to a foreign corporation. But see Garcia v. Texas State Board of Medical Examiners, 384 F. Supp. 434 (W.D. Tex. 1974), aff'd, 421 U.S. 995 (1975) (upholding Texas statutes that prohibited lay-controlled corporate practice of medicine as a reasonable exercise of the police power of the state); Thompson v. Texas State Board of Medical Examiners, 570 S.W.2d 123 (Tex. Civ. App. - Tyler 1978, writ ref'd n.r.e.) (power of state to regulate practice of medicine under state's police power); Attorney General Opinion O-5116 (1943) (state may refuse license to sell beer or wine to foreign corporation in exercise of its police power).

## S U M M A R Y

> Section 4 of article 4476-11, V.T.C.S., does not authorize a foreign corporation to receive a permit to prescribe and administer synthetic narcotic drugs to drug-dependent persons.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood